IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES TERRELL and ANICE TERRELL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> FREEDOM MORTGAGE ) <br> CORPORATION, ) <br> ) <br> Defendant. | Case No. 2:22-cv-02811-JPM-cgc |

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

AND

GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Plaintiffs James and Anice Terrell's (collectively "Plaintiffs") Motion for Leave to File First Amended Complaint, filed on February 23, 2023. (ECF No. 28.) Defendant Freedom Mortgage Corporation ("Freedom") filed a Response in Opposition on March 2, 2023. (ECF No. 29.) Also before the Court is Freedom's Motion to Dismiss, filed on January 9, 2023. (ECF No. 14.) Plaintiffs' Motion for Leave to File First Amended Complaint is **DENIED** and Freedom's Motion to Dismiss is **GRANTED**.

**I.       BACKGROUND**

This action arises from the servicing of a real property mortgage which is secured by Plaintiffs' home and held by Freedom. (See generally ECF No. 1.) James Terrell is a disabled veteran, and the State of Tennessee pays the property taxes for the property at issue through the

Property Tax Relief Program, Tenn. Code Ann. §§ 67-5-702 to 67-5-704. (Id. ¶¶ 7, 13.) Plaintiffs allege that Freedom improperly paid property taxes from Plaintiffs' escrow account, despite being made aware of Plaintiffs' tax relief status. (See ECF No. 1.) Plaintiffs allege that they have requested changes be made to the escrow account multiple times, but have received conflicting messages regarding the status of the account and what actions would be required to make changes. (Id.) Plaintiffs allege that they filed two Notices of Error (NOE) under the Real Estate Settlement Procedures Act ("RESPA") on May 2, 2022 and June 8, 2022, which Freedom has failed to respond to. (Id. ¶¶ 24–26, 29, 49–51.)

Plaintiffs filed their original Complaint on November 21, 2022. (ECF No. 1.) Plaintiffs' original Complaint alleges three Counts: 1. Breach of Fiduciary Duty, 2. Violations of RESPA under 12 C.F.R. §§ 1024.34 and 1024.35, and 3. Vicarious Liability of Principal. (Id.) Freedom filed a Consent Motion for Extension of Response Deadline on December 19, 2022 (ECF No. 9), which the Court granted on January 3, 2023. (ECF No. 12.) Freedom filed a timely Motion to Dismiss on January 9, 2023. (ECF No. 14.) Plaintiffs filed a Memorandum in Opposition to Defendant's Motion to Dismiss on January 30, 2023. (ECF No. 19.)

Plaintiffs filed the instant Motion for Leave to File First Amended Complaint on February 23, 2023. (ECF No. 28.) Freedom filed a Response in Opposition on March 2, 2023. (ECF No. 29.)

Plaintiffs seek to "clarify and detail the factual allegations and causes of action against the Defendant" relating to the claims arising out of RESPA, strike the breach of fiduciary duty and vicarious liability causes of action, and add new causes of action for RESPA violations, Breach of Contract, and Conversion. (ECF No. 28 at PageID 158.) Plaintiffs argue that their Amended

Complaint is not being brought for any dilatory purpose, that it would not cause Freedom any undue delay or prejudice, and that it is not futile. (Id. at PageID 158–159.)

In Response, Freedom argues that the Motion should be denied because Plaintiffs' proposed Amended Complaint would be futile. (ECF No. 29 at PageID 243.) Freedom argues that the proposed Amended Complaint would fail to state a claim under RESPA or state law. (See id.)

## II.   LEGAL STANDARD

### A.  Motion to Amend Complaint Legal Standard

The Federal Rules of Civil Procedure Rule 15(a) provides the following guidance for amendments and supplemental pleadings made before trial:

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
>> **(A)** 21 days after serving it, or
>>
>> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). "A court need not grant leave to amend, however, where amendment would be 'futile.'" Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." (Id.)

"In general, when assessing whether an amended complaint would state a claim, we consider 'the proposed amendment[s] . . . along with the remainder of the complaint,' . . . accepting as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the

plaintiff's favor." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225 (2d Cir. 2017) (citations omitted) (quoting Starr v. Sony BMG Music Entm't, 592 F.3d 314, 323 n.3 (2d Cir. 2010)).

### B. Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage. Id. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. Twombly, 550 U.S. at 570. A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678–79; Green

4

v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012).

Assessing the facial sufficiency of a complaint ordinarily must be undertaken without resorting to matters outside the pleadings. Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010). "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); see also Koubriti v. Convertino, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Ctr., 508 F.3d at 335–36; see also Garton v. Crouch, 2022 WL 275519 (M.D. Tenn. 2022) (citing Brent v. Wayne Cyt. Dep't of Human Servs., 901 F.3d 656, 694 (6th Cir. 2018)) ("[I]t has long been the rule that a court may consider, not only the Complaint and exhibits attached to it, but also exhibits attached to a defendant's motion to dismiss, 'so long as they are referred to in the Complaint and are central to the claims contained therein.'").

### III. ANALYSIS

#### A. Plaintiffs cannot amend their Complaint as a matter of course

Plaintiffs cannot amend their Complaint as a matter of course, as the deadlines to do so under the rules have expired. Fed. R. Civ. P. 15(a). Plaintiffs filed their Complaint on November 21, 2022 (ECF No. 1), and Defendant filed its Motion to Dismiss on January 9, 2023 (ECF No. 14). The Instant Motion was filed on February 23, 2023. (ECF No. 28.) The Instant Motion was filed more than 21 days from the filing of both the Complaint and the Motion to Dismiss, and therefore Plaintiffs may not amend as a matter of course under either Fed. R. Civ. P. 15(a)(1)(A) or 15(a)(1)(B).

### B. Futility of RESPA claims

In its Motion to Dismiss, Freedom argues that the instant action should be dismissed because 12 C.F.R. §§ 1024.34 and 1024.35 do not create a private right of action. (ECF No. 14-1 at PageID 66–68.) Freedom also points to case law in other courts holding that §§ 1024.34 and 1024.35 do not create a private right of action. (Id. at PageID 67–68.)

Freedom further argues that even if there was a private right of action, Plaintiffs fail to state a claim under either §§ 1024.34 or 1024.35. (Id. at PageID 66–71.) Freedom argues that § 1024.34 obligates a servicer to make timely escrow payments, but that it does not govern whether a servicer can collect funds from borrowers for escrow payments made by the servicer. (Id. at PageID 69.) Freedom argues that all evidence presented shows that Freedom did pay the taxes, and the dispute relates instead to whether Plaintiffs were either exempt from the taxes or instead were required to pay the taxes for which they would later be reimbursed. (Id.; See ECF No. 1.) Freedom argues that it cannot be liable under § 1024.35 for failure to respond to Plaintiffs' NOEs, because Plaintiffs did not send the NOEs to Freedom's designated address as required under § 1024.35 and thereby trigger Freedom's obligation to respond. (ECF No. 14-1 at PageID 70.) Freedom further argues that it did in fact respond to the NOEs when it received them even though they were sent to the incorrect address. (Id. at PageID 71.)

In Response to Freedom's Motion to Dismiss, Plaintiffs argue that §§ 1024.34 and 1024.35 do create a private right of action, and that Plaintiffs have stated valid claims under both §§ 1024.34 and 1024.35. (ECF No. 19 at PageID 132–135.) Plaintiffs argue that they have "alleged that Defendant failed to make timely payment from [James Terrell's] escrow account and provided specific facts" sufficient to state a claim. (Id. at PageID 134.) Plaintiffs also argue that Freedom instructed James Terrell to mail the NOEs to an address that was different than the one that was designated, and in doing so that Freedom's "actions effectively changed its designated address to

6

receive NOEs and/or waived its defense that Mr. Terrell's NOEs were not sent to the correct address." (Id. at PageID 135.)

In Plaintiff's Motion for Leave to File First Amended Complaint, Plaintiffs seek to withdraw their claim relating to § 1024.34 and add additional information relating to their §1024.35 claim. (See ECF No. 28-1.) Plaintiffs also allege that Freedom additionally violated 12 U.S.C. §§ 2605(e) and (k) by failing to properly respond to the NOEs. (Id. at PageID 170–175.) Plaintiffs allege that they were verbally advised to send each NOE to the addresses that they were sent to, and that this was sufficient to fulfill the requirement that each NOE must be sent to Freedom's designated address. (ECF No. 28-1 ¶ 35, 39, 56, 71.)

In Response to Plaintiff's Motion for Leave to File First Amended Complaint, Freedom argues that Plaintiffs' allegations that Freedom verbally advised them to send the NOEs to addresses different from the designated address is insufficient to overcome its earlier Motion to Dismiss. (ECF No. 29-1 at PageID 244.) Freedom argues that a change in a designated address can only be done in writing, and that "a servicer cannot verbally designate or change an address for receipt of notices of error." (Id.)

Plaintiff's original Complaint failed to state a claim upon which relief can be granted under 12 C.F.R. § 1024.34, which requires that

> If the terms of a mortgage loan require the borrower to make payments to the servicer of the mortgage loan for deposit into an escrow account to pay taxes, insurance premiums, and other charges for the mortgaged property, the servicer shall make payments from the escrow account in a timely manner, that is, on or before the deadline to avoid a penalty, as governed by the requirements in § 1024.17(k).

12 C.F.R. § 1024.34. Plaintiffs have made no allegations that Freedom failed to make tax payments from the escrow account in a timely manner. (See ECF No. 1.) Plaintiffs instead allege that Freedom made tax payments that were not required. (Id.) Because the original Complaint

7

fails to state a claim under § 1024.34 and the proposed Amended Complaint seeks to strike any claims relating to § 1024.34, Plaintiffs have failed to state a claim upon which relief can be granted under 12 C.F.R. § 1024.34.

As required by § 1024.35, "[a] servicer shall provide a written notice to a borrower before any change in the address used for receiving a notice of error." 12 C.F.R. § 1024.35(c). Based on the plain language of § 1024.35(c), Freedom can only change its designated address through written notice, and any verbal change of a designated address is ineffective. Other courts have also held that a servicer cannot change its designated address absent written notice, and that an address provided verbally is insufficient. See In re Nasser, No. 17-40254-NHL, 2020 WL 5985423, at *3 (Bankr. E.D.N.Y. Oct. 8, 2020) (dismissing RESPA claims where a plaintiff argued that had mailed the complaint to an appropriate address because it was mailed to an address verbally provided by the defendant). Because Plaintiffs have not made allegations sufficient to demonstrate that Freedom changed its designated address, and it is undisputed that Plaintiffs did not mail the NOEs to the designated address, Plaintiffs have failed to state a claim upon which relief can be granted under 12 C.F.R. § 1024.35.

12 U.S.C. §§ 2605(e) and (k) and 12 C.F.R. §§ 1024.34 and 1024.35 contain similar provisions requiring that loan servicers properly respond to borrower inquiries and "take timely action to respond to a borrower's request to correct errors." 12 U.S.C. §§ 2605(e), (k). Likewise, the servicer's obligations under 12 U.S.C. § 2605 do not attach if the servicer establishes a designated address and the letters were sent to an address different from the designated address. See Roth v. CitiMortgage Inc., 756 F.3d 178 (2d Cir. 2014); Berneike v. CitMortgage, Inc., 708 F.3d 1141, 1149 (10th Cir. 2013) ("Failure to send the [qualified written request (QWR)] to the designated address 'for receipt and handling of [QWRs]' does not trigger the servicer's duties

8

under RESPA."). Plaintiffs have failed to allege that a QWR was sent to Freedom's designated address, and have therefore failed to state a claim under which relief can be granted under 12 U.S.C. §§ 2605(e) or (k).

Because the Court finds that Plaintiffs have failed to state a claim under which relief can be granted under 12 U.S.C. §§ 2605(e) or (k) and 12 C.F.R. §§ 1024.34 or 1024.35, it will not address the question of whether any of these sections create a private right of action. Accordingly, Plaintiff's RESPA claims are **DISMISSED WITHOUT PREJUDICE.**

### C. The Court does not have subject matter jurisdiction over the remaining state law claims

In addition to the RESPA claims, Plaintiff's original Complaint asserts state law claims of Breach of Fiduciary Duty and Vicarious Liability of Principal. (ECF No. 1 at PageID 7–8, 9.) Plaintiffs seek leave to amend their Complaint to strike these state law claims, and instead assert additional state law claims of Breach of Contract and Conversion. (ECF No. 28-1 at PageID 175–78.) Plaintiffs assert that the Court has supplemental jurisdiction to hear these state law claims pursuant to 28 U.S.C. § 1367. (ECF No. 28-1 ¶ 4.) Plaintiffs do not assert any other basis for the Court's subject matter jurisdiction over these claims. (See id.)

> Under 28 U.S.C. § 1367(c), a district court "may decline" to exercise supplemental jurisdiction "if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

9

Hucul Advertising, LLC v. Charter Tp. Of Gaines, 748 F.3d 273, 281 (6th Cir. 2014) (quoting 28 U.S.C. § 1367(c)).  In the absence of one of these circumstances, a district court may not decline to exercise supplemental jurisdiction. Id.  ("The statute, in authorizing the district court to decline to exercise supplemental jurisdiction under certain circumstances ('district courts *may* decline') (emphasis added), would appear by implication to require the exercise of jurisdiction under all other circumstances—*expressio unius est exclusio alterius.*").

Because the Court has dismissed Plaintiffs' RESPA claims, the only claims which remain are state law claims.  This is exactly the circumstance as described by 28 U.S.C. § 1367(c) in which "the district court has dismissed all claims over which it has original jurisdiction."  Because the now-dismissed RESPA claims are the only claims for which the Court had original jurisdiction, the Court will decline to exercise supplemental jurisdiction over the state law claims.  Accordingly, because the Court is without subject matter jurisdiction to hear this action, the remaining state law claims are **DISMISSED WITHOUT PREJUDICE.**

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 28) is **DENIED** and Freedom's Motion to Dismiss (ECF No. 14) is **GRANTED**.  All claims between the Parties in connection with this matter are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of March, 2023.

                                           s/ Jon P. McCalla
                                           JON P. McCALLA
                                           UNITED STATES DISTRICT JUDGE